UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENOVEVA HERNANDEZ, on behalf of herself and all others similarly situated, | Civil Action No. |
| Plaintiffs, | |
| v. | |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | |
| Defendant(s). | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Genoveva Hernandez, on behalf of herself and all others similarly situated by and through her undersigned attorneys, alleges against the above-named Defendant Mercantile Adjustment Bureau, LLC, its employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1367. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1331(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector," are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff Genoveva Hernandez is a natural person who at all relevant times resided in the State of New Jersey, County of Middlesex, City of Fords.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Defendant.

7. Plaintiff is a "consumer" as defined by U.S.C. § 1692a(3) of the FDCPA.

8. Defendant Mercantile Adjustment Bureau, LLC is a corporation, organized under the laws of the State of New York, and regularly engaged in the business of collecting debts in this State with its principal place of business located at 6390 Main Street, Suite 160, Williamsville, New York 14221.

9. Defendant uses instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Genoveva Hernandez a debt allegedly due to GE Capital Corporation arising from transactions incurred for personal, family, or household purposes.

12. Upon information and good-faith-belief, Equable Ascent Financial, LLC (hereinafter "Equable") purchased the alleged debt from GE Capital Corporation.

13. The alleged debt, now due to Equable, was listed with Defendant's office for collection.

14. Defendant sent Ms. Hernandez an initial demand letter dated February 11, 2012 in an attempt to collect the alleged debt. Defendant's letter referenced an alleged debt due from Ms. Hernandez to Equable for an account number ending in 4678 for the amount of $541.36. (Attached hereto as Exhibit A.)

15. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) of the FDCPA.

16. The text of Exhibit A reads in pertinent part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. **If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such a judgment or verification.** If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Emphasis added.)

17. Exhibit A failed to inform Ms. Hernandez that in order to effectively dispute the alleged debt and obtain verification of the alleged debt or a copy of the

judgment against her, she must notify Defendant in writing that "the debt, or any portion thereof, is disputed."

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (hereinafter the "Class"), who have received debt collection letters and/or notices from Mercantile Adjustment Bureau, LLC which are in violation of the FDCPA, as described in this Complaint.

19. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collections letters and/or notices from Mercantile Adjustment Bureau, LLC that contained at least one of the alleged violations arising from the Defendant's violations of 15 U.S.C. 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

20. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Mercantile Adjustment Bureau, LLC that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Mercantile Adjustment Bureau, LLC is a debt collector;

    b. Whether Mercantile Adjustment Bureau, LLC violated various provisions of the FDCPA;

    c. Whether Plaintiff and the Class have been injured by the conduct of Mercantile Adjustment Bureau, LLC;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other member of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain proceeds of its ill-gotten gains.

- Defendant has acted on grounds that generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692** *et. seq.*

21. Plaintiff incorporates by reference paragraphs 1-20.

22. In <u>Exhibit A</u> Defendant failed to inform the consumer that in order to effectively dispute the alleged debt and obtain validation of the alleged debt or a copy of the judgment against her, she must notify Defendant in writing that "the debt, or any portion thereof, is disputed" in violation of 15 U.S.C. § 1692g(a)(4) and § 1692 e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class Members and against Defendants for;

(1) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigations expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3);

(3) Such other or further relief s the Court deems proper.

Dated: Fort Lee, New Jersey
February 5, 2013

/s *Benjamin Nazmiyal*
Benjamin Nazmiyal
Prabhkaran S. Bedi
Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 2
Fort Lee, NJ, 07024
(201) 379-5507
(201) 849-5074 – Facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

/s *Benjamin Nazmiyal*
Benjamin Nazmiyal, Esq.