NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| GENOVEVA HERNANDEZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>Defendant. | Civil Action No. 13-843 (JLL) (JAD)<br><br>OPINION |
|---|---|

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Mercantile Adjustment Bureau, LLC ("Defendant")'s unopposed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] The Court has considered the Defendant's submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court GRANTS Defendant's motion.

**I. BACKGROUND**

This putative class action centers on Plaintiff Genoveva Hernandez ("Plaintiff")'s contention that a debt collection letter that she received from Defendant, a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Compl. ¶¶ 10, 14, 22, ECF No. 1. After stating the amount that Plaintiff allegedly owes Defendant, Defendant's letter states in pertinent part:

---

[1] On November 13, 2013, Plaintiff notified this Court by facsimile that it does not oppose Defendant's motion. Pl's Letter, ECF No. 15. This approach is irreconcilable with Local Civil Rule 7.1(b)(2)'s requirement that "all papers in support of or in opposition to [a] motion . . . must be filed electronically with the Clerk." Nonetheless, the Court deems Defendant's motion as unopposed. Additionally, Defendant failed to comply with Local Civil Rule 7.2(b)'s requirement that "[a]ny brief shall include a table of contents and a table of authorities . . . ." The Court urges Plaintiff and Defendant's counsel to henceforth comply with the Local Civil Rules.

1

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* at ¶¶ 14, 16. Plaintiff contends that the second sentence of Defendant's letter "failed to inform [her] that in order to effectively dispute the alleged debt and obtain verification of the alleged debt or a copy of the judgment against her, she must notify Defendant in writing that 'the debt, or any portion thereof, is disputed' in violation of 15 U.S.C. § 1692g(a)(4) and § 1692e(10)." *Id.* at ¶ 22.

On February 11, 2013, Plaintiff filed a Complaint on behalf of herself and a putative class of "consumers and their successors in interest . . . who have received debt collection letters and/or notices from [Defendant] which are in violation of the FDCPA . . . ." *Id.* at ¶ 18. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. With leave of court, Defendant filed a motion for judgment on the pleadings on October 16, 2013. Def.'s Mot., ECF No. 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Where, as here, the party moving for judgment on the pleadings maintains that the complaint fails to state a claim upon which relief can be granted, the reviewing court applies the same standard governing a motion to dismiss pursuant to Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The reviewing court must "construe the complaint in the light most favorable to the plaintiff." *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (citation and internal quotations omitted). However, "'labels and conclusions' [and] 'naked assertion[s]' devoid of 'further factual enhancement' " are not entitled to the presumption of truthfulness. *Iqbal*, 556 U.S. at 678 (citations omitted). Ultimately, if the factual allegations fail "to raise a right to relief above the speculative level," the reviewing court must dismiss the claim. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

As Plaintiff has alleged that the debt collection letter she received violates 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692e(10), resolving this motion requires this Court to determine whether Plaintiff's Complaint contains sufficient factual allegations to support the plausible inference that Defendant has violated either of these statutes.

#### A. Whether Defendant's Debt Collection Letter Violates 15 U.S.C. § 1692g(a)(4)

A debt collection letter violates 15 U.S.C. § 1692g(a)(4) if it fails to contain:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . . .

3

15 U.S.C. § 1692g(a)(4). This statement, in combination with those required by § 1692g(a)(3) and § 1692g(a)(5),[2] is known as "the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-54 (3d Cir. 2000).

Whether a debt collection letter gives "rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). As explained by the Third Circuit:

> The least sophisticated debtor standard requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. This lower standard comports with a basic purpose of the FDCPA: . . . to protect all consumers, the gullible as well as the shrewd, the trusting as well as the suspicious, from abusive debt collection practices. However, while the least sophisticated debtor standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.

*Id.* (internal quotation marks and citations omitted).

Here, Plaintiff emphasizes the second sentence of Defendant's validation notice: "If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such a judgment or verification." Compl. ¶ 16. Plaintiff contends that this sentence in isolation violates § 1692g(a)(4). *Id.* at ¶¶ 16, 17. In doing so, Plaintiff all but ignores the sentence that immediately precedes it: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

---

[2] Under 15 U.S.C. § 1692g(a)(3), a debt collection letter must contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ." Additionally, a debt collection letter must contain "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor" under 15 U.S.C. § 1692g(a)(5).

4

*Id.* at ¶ 16. A least sophisticated debtor would not read Defendant's letter in such an idiosyncratic fashion as she "is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (citations omitted). Instead, A least sophisticated debtor would understand that that notification mentioned in the second sentence refers to the notification mentioned in the first sentence. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013) (noting that "even the 'least sophisticated debtor' is expected to read any notice in its entirety.") (citation omitted). Other courts have likewise found that a least sophisticated debtor would read both sentences together when faced with similar claims involving debt collection letters that are nearly identical to the one at issue here. *See, e.g., Hillman v. NCO Fin. Sys., Inc.*, No. 13-2128, 2013 WL 5356858, *3 (E.D. Pa. Sep. 25, 2013) (noting that "[e]ven the least sophisticated [debtor] would understand that [sic] notification referred to in the second sentence pertains to the notification of a dispute described in the first," in a case involving a nearly identical debt collection letter); *Parker v. CMRE Fin. Servs., Inc.*, No. 07-1302, 2007 WL 3276322, *3 (S.D. Cal. Nov. 5, 2007) (explaining that nearly identical second sentence in debt collection letter to that challenged here must be read in its proper context while holding that letter did not violate § 1692g(a)(4)). Accordingly, Plaintiff's contention that Defendant's debt collection letter violates § 1692g(a)(4) is unavailing.

Yet another reason for finding Plaintiff's contention that the second sentence of Defendant's letter violates § 1692g(a)(4) unpersuasive is that a multitude of district courts have held that identical or nearly identical language to that at issue here satisfies § 1692g(a). *See, e.g., Sebrow v. NCO Fin. Sys., Inc.*, No. 08-1725, 2009 WL 2707341, *3 (E.D.N.Y. Aug. 27, 2009) (finding that nearly identical language to that challenged here did "not violate the requirements

of § 1692g(a)" since it closely tracked the language of § 1692g(a)(3)-(5)); *Borucki v. Vision Fin. Corp.*, No. 13-386, 2013 WL 2477067, *2-4 (E.D. Wis. June 7, 2013) (finding that nearly identical language satisfied § 1692g(a)(4) where plaintiff made similar a claim to that at issue here); *Moore v. Ingram & Assocs., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992) (finding that nearly identical language satisfied § 1692g(a)(4) where plaintiff challenged the inclusion of a statement that the debt collector would obtain a copy of the judgment when no such judgment existed). Thus, binding Third Circuit precedent along with the overwhelming weight of authority from other jurisdictions compels this Court to dismiss Plaintiff's § 1692g(a)(4) claim with prejudice.

B. <u>Whether Defendant's Debt Collection Letter Violates 15 U.S.C. § 1692e(10)</u>

Plaintiff has likewise failed to state a claim under 15 U.S.C. § 1692e(10). Section 1692e(10) "is a catchall-type provision prohibiting '[t]he use of any false representation or deceptive means to collect . . . any debt." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. 2008) (quoting 15 U.S.C. § 1692e(10)). In contrast, § 1692g(a)(4) is a far more specific provision. Hence, when a § 1692e(10) claim is premised on the same language or theories as a § 1692g(a)(4) claim, the analysis of the § 1692g(a)(4) claim should be dispositive. *See Caprio*, 709 F.3d at 155 ("Because we have concluded that the District Court committed reversible error by granting judgment on the pleadings as to the § 1692g claim, we must reach the same conclusion with respect to the claim brought under § 1692e(10)."); *see also Vasquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 659 (N.D. Ill. 1997) (wholly resting its finding that defendant did not violate § 1692e on its finding that defendant did not violate § 1692g). Here, Plaintiff argues that the second sentence of Defendant's debt collection letter violates § 1692e(10) because it did not inform her of the need to inform Defendant in writing that "the debt, or any portion thereof, is disputed" in order to effectively dispute the alleged debt and obtain

6

verification of the alleged debt or a copy of the judgment against her. Compl. ¶¶ 16, 22. This claim is premised on the same theory as Plaintiff's § 1692g(a)(4) claim. *Id.* Accordingly, the Court finds that Plaintiff's § 1692e(10) claim fails for the same reasons that Plaintiff's § 1692g(a)(4) claim fails. *See Vasquez*, 987 F. Supp. at 659. The Court dismisses Plaintiff's § 1692e(10) claim with prejudice.

## IV. CONCLUSION

For the reasons discussed herein, the Court GRANTS Defendant's unopposed motion for judgment on the pleadings and dismisses Plaintiff's Complaint with prejudice.

An appropriate Order accompanies this Opinion.


DATED: 22 of November, 2013.

                                      JOSE L. LINARES
                                      U.S. DISTRICT JUDGE